**UNITED STATES of America**
**Plaintiff-Appellee**

v.

**Oscar Flores VAZQUEZ Defendant-**
**Appellant**

**No. 16-3754**

United States Court of Appeals,
Eighth Circuit.

Submitted: April 25, 2017

Filed: May 5, 2017

Mikaela Jo Shotwell, Assistant U.S. Attorney, U.S. Attorney's Office, Des Moines, IA, for Plaintiff-Appellee

Oscar Flores Vazquez, Pro Se

Before RILEY, MURPHY, and SHEPHERD, Circuit Judges.

PER CURIAM.

After Oscar Flores Vazquez pleaded guilty to conspiracy to distribute methamphetamine, the district court[1] varied below the advisory Guidelines range to impose a sentence of 42 months in prison, to be followed by 3 years of supervised release. On appeal, counsel has moved to withdraw; and in a brief filed under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he argues that the sentence is substantively unreasonable, because Vazquez's lack of criminal history, and his minimal and non-violent involvement in the offense, warranted a lesser sentence.

Counsel's argument fails. Upon review of the sentencing transcript, we conclude that the district court's carefully considered sentence was not an abuse of discretion. See 18 U.S.C. § 3553(a); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented, addressing proffered information in consideration of § 3553(a) factors, sentence is not unreasonable); United States v. Lazarski, 560 F.3d 731, 733-34 (8th Cir. 2009) (where court varied down-

---

1. The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

ward from Guidelines range, it is "nearly inconceivable" that it abused its discretion in not varying downward further still). Further, having reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issue for appeal.

Accordingly, we affirm, and we grant counsel's motion to withdraw.